[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2010
JOHN LEY
CLERK

_____

No. 09-11808
Non-Argument Calendar

_____

D. C. Docket No. 08-00432-CV-F-N

HENRI N. BEAULIEU, SR.,
HENRI N. BEAULIEU, JR.,

Plaintiffs-Appellants,

versus

ALABAMA ONSITE WASTEWATER BOARD,
an agency of the State of Alabama,
CAROLYN GIBSON, an individual,
in her official capacity as Chairperson
of the Alabama Onsite Wastewater Board,
MELISSA HINES, an individual,
in her official capacity as Executive
Secretary and Acting Executive Director
of the Alabama Onsite Wastewater Board,
ALABAMA DEPARTMENT OF PUBLIC HEALTH,
an agency of the State of Alabama,
DONALD WILLIAMSON,
an individual, in his official capacity
as State Health Officer of the Alabama
Department of Public health, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 7, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Henri N. Beaulieu, Sr. and his son, Henri N. Beaulieu, Jr., appeal the dismissal of their complaint against Defendant-Appellee, the Alabama Onsite Wastewater Board ("AOWB"). No reversible error has been shown; we affirm.

Plaintiffs brought suit against the AOWB seeking declaratory and injunctive relief. Briefly stated, Beaulieu Sr. owns some property upon which he wants to build cottages with the intention of renting those cottages to supplement his retirement income. Beaulieu Sr., with the uncompensated help of Beaulieu Jr., wants to install the required onsite wastewater systems for the cottages himself. Plaintiffs claim that AOWB, a body created by the Alabama legislature to "... establish the qualification levels for those engaged in the manufacture, installation, servicing, or cleaning of onsite wastewater systems ... and [to] promote the proper manufacture, installation, and servicing" of those systems, Ala. Code § 34-21A-1,

2

violated their Fifth and Fourteenth Amendment rights by misreading and threatening a misapplication of Alabama law when AOWB informed Plaintiffs that they were unallowed to self-install the wastewater system on Beaulieu Sr.'s property and would be subject to arrest for so doing. According to Plaintiffs' complaint, these deprivations are redressable pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § § 2201 and 2202.

The Alabama licensing law administered by AOWB provides an exemption from licensing requirements for some property owners when the wastewater system is installed by them "on their own property with a one-family or two family residence used for their own occupancy or use." Ala.Code § 34-21A-10.[1] Plaintiffs argue that the clear language of the statutory exemption applies to them; they argue that the exemption constitutes the legislature's preservation -- or the creation -- of "a legitimate claim of entitlement" for the property owner to self-

---

[1]Ala. Code § 34-21A-10 provides:

> The licensing requirements of this chapter shall not apply to owners of property acting as their own contractors for the purpose of installing, cleaning, servicing or maintaining an onsite wastewater system on their own property with a one-family or two family residence used for their own occupancy or use so long as the owners of said property with an onsite wastewater system do not hire or compensate anyone to supervise or perform any part of the installation, cleaning, servicing or maintenance of the onsite wastewater system or equipment located on their property.

install a wastewater system. AOWB construes the exemption to require use by the owner personally; use by the owner only in his capacity as a landlord is not use by the owner for purposes of the exemption. Plaintiffs contend that AOWB's misreading and threatened misapplication of the licensing law interferes with an identified protectable property interest and violates their due process rights under the Fifth and Fourteenth Amendments.

The district court dismissed Plaintiffs' complaint: Plaintiffs' claims failed to state a substantive or procedural due process violation and, alternatively, because the case turns on an unsettled and dispositive question of state law, the case was due to be dismissed under the Pullman abstention doctrine. See Railroad Comm'n v. Pullman Co., 61 S.Ct. 643 (1941).

Plaintiffs fail to show error in the district court's decision. As the district court explained, to the extent the Plaintiffs' complaint suggests a substantive due process violation, no fundamental constitutional right is infringed: no fundamental right exists to self-install a wastewater system on one's property -- here property to be used as rental property -- free from state licensing requirements. And, again as explained by the district court, to the extent Plaintiffs' complaint suggests a procedural due process violation, the legislative process affords sufficient due process protection for property owners' interests. See 75 Acres, LLC v. Miami-

4

Dade County, Fla., 338 F.3d 1288, 1294 (11th Cir. 2003) ("if government action is viewed as legislative in nature, property owners generally are not entitled to procedural due process.").

We understand that Plaintiffs contend that the statute resulting from the legislative process supports their entitlement; it is the alleged misreading by AOWB about which they complain. But Plaintiffs state no attempt to seek additional process at the state level to test the interpretation, validity or applicability of the statutory licensing statute, and no convincing argument is offered challenging the availability of that process.

The district court also ruled that the case must be dismissed under the Pullman abstention doctrine. Because we conclude that Plaintiffs' complaint properly was dismissed for failure to state a claim, we need not belabor alternative grounds for dismissal.

We have considered all grounds asserted by Plaintiffs, and we conclude that no reversible error has been shown.[2]

AFFIRMED.

---

[2]We do not address separately Plaintiffs' claim that AOWB wrongfully construed the statute when it advised that Beaulieu, Jr. could not assist his father even though Beaulieu, Jr. was to receive no compensation for his assistance. This claimed misconstruction of the Alabama licensing law also states no claim for relief.